UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOEPFER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF VALLEJO, et al.,<br><br>    Defendants. | Case No. 2:24-cv-02366-KJM-CSK<br><br>ORDER DENYING IFP REQUESTS AS MOOT, AND FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF Nos. 2, 3, 18) |

  Plaintiffs Robert Toepfer, Shawn O'Malley, Joan Alford, James Nelson, Pam Nelson, Cassandra Salinas, and Michael L. Mardell bring this action in pro per against Defendants City of Vallejo, the Vallejo Police Department, Vallejo City Manager Andrew Murray, CalTrans, Solano County Sheriff Deputy Dale Matsuoka, Assistant to the Vallejo City Manager Natalie Peterson, and Golden Bay Security Services. *See* Compl. (ECF No. 1.)[1] Plaintiffs are unhoused individuals in Vallejo, California who challenge their upcoming removal from an encampment by Defendants. Pending before the Court is Plaintiffs' ex parte Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction against Defendants. (ECF No. 3.) On October 4, 2024, the Court held a

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

hearing by Zoom[2] where all Plaintiffs appeared in pro per, and attorney Hampton A. Jackson entered a special appearance on behalf of Defendants City of Vallejo, Vallejo Police Department, Murray, and Peterson ("Vallejo Defendants").[3] Defendants CalTrans, Deputy Matsuoka, and Golden Bay Security Services did not appear at the hearing, and the record does not indicate that these defendants received notice of Plaintiffs' motion or of the hearing.

For the reasons set forth below, the Court recommends DENYING Plaintiffs' Motion for Temporary Restraining Order, and recommends DISMISSING Plaintiffs' Complaint with leave to amend. Plaintiffs' motions to proceed in forma pauperis (ECF Nos. 2, 18) are denied as moot. (ECF Nos. 2, 18.)

I.  **BACKGROUND**

   A.  **Factual Background**

On August 26, 2024, the Department of Navy contacted the City of Vallejo and informed the City of trespassers at Building 505 within the former Mare Island Naval Shipyard in Vallejo, California. Natalie Peterson Decl. ¶ 9 & Exh. C (ECF No. 8-1 at 2, 20). In February 2024, the City of Vallejo entered into a license agreement with the Navy to use the former Mare Island Naval Shipyard. Peterson Decl. ¶ 12 & Exh. D. The license agreement requires the City to "protect, maintain, and keep the premises under its control in good order." *Id*.; *see id*. at Exh. C.

On August 27, 2024, Plaintiffs received in-person, verbal notice of eviction by the City of Vallejo through Defendant Peterson to move by the end of the week from their current encampment at 505 Azuar Street Drive, Vallejo, CA 94592 (the "Building 505

---

[2] Though all parties who participated in the October 4, 2024 hearing appeared by Zoom, the Court held this hearing in Courtroom 25 of the Sacramento federal courthouse to allow any party to appear in-person and to provide public access to the hearing. Before the hearing, court staff received communications indicating that some plaintiffs may have difficulty appearing by Zoom. (ECF No. 9.)

[3] It is unclear whether the Vallejo Defendants were properly served with the Complaint, summons, and Plaintiffs' motion, and their appearance was therefore noted as a special appearance.

2

encampment"). Compl. at 10, 12-13, 16. Plaintiffs allege the City of Vallejo has a "history of following up to the verbal notices within 48 hours en masse with tows" thereby forcefully moving individuals out with little notice and opportunity to remove their possessions and vehicles without an alternative location to move to. *Id*. at 12-13; *see also id*. at 16. Plaintiffs also indicate that some of them are disabled and/or have medical conditions that make moving difficult and have not been offered accommodations for their disabilities such as more time to move. *See id*. at 10, 12, 14, 15, 18. The Complaint also refers to multiple prior "sweeps" and "evictions" at other locations by the City of Vallejo, the California Highway Patrol ("CHP"), and/or CalTrans, where Plaintiffs were provided with varying amount of notice. *See id*. at 12-14, 16, 18,19.

On September 5, 2024, the Department of Navy filed a police report regarding trespass by individuals and vehicles at Building 505. Peterson Decl. Exh. C.

On September 9, 2024, the Department of Navy sent the City of Vallejo a letter regarding the trespassers and conditions at Building 505, including concerns that "the trespassers are storing fuel and other combustible items and are at risk to Navy and City property." Peterson Decl. ¶ 11 & Exh. C.

On September 17, 2024, the City posted written notices that cleanup and removal at Buildings 505, 505A, 505B, and surrounding lots would occur on September 25, 2024. *See* Peterson Decl. ¶ 13 & Exh. E; Flor Magallanes (Administrative Analyst, Vallejo City Manager's Office) Decl. ¶¶ 5-6 & Exhs. A-B (ECF No. 8-2). Defendant Deputy Matsuoka assisted Magallanes with posting the written notices. *See* Magallanes Decl. ¶ 5; Pls. Mot. at 12.

On September 23, 2024, Americans with Disabilities Act ("ADA") Accommodations forms were delivered to the Vallejo City Manager's Office by Plaintiff Toepfer. *See* Toepfer Decl. at 1 (ECF No. 3 at 90-91); Peterson Decl. ¶ 14; Vallejo Defs. Opp. at 2-3. Plaintiffs attached copies of their ADA request forms, which appear to be

///

///

3

from Plaintiffs O'Malley, Alford, James Nelson, and Pam Nelson. Pls. Mot., Exh. P (ECF No. 3 at 155, 157-159).[4] The copies of four of the ADA request forms attached to Plaintiffs' motion are not legible. *See id*. at 154, 157-159. The legible portion of Plaintiffs' ADA request forms is from Plaintiff O'Malley, who requests the following accommodation: "I just need more time to move my belongings and trailer so I don't lose them." *Id*. at 155. The Vallejo Defendants state that the accommodations requested were up to a six (6) week extension to remove the Building 505 encampment and a request for a place to go. Vallejo Defs. Opp. at 2-3.[5] It is unclear whether the Vallejo Defendants' description of the requested accommodation is from Plaintiffs, from non-parties, or both Plaintiffs and non-parties. *See* Vallejo Defs. Opp. at 2-3.

On September 24, 2024, Administrative Analyst Magallanes and Defendant Deputy Matsuoka verbally informed the Building 505 encampment that "all eviction processes scheduled for [September] 25th would be temporarily halted for 24 hours or more until the city attorney could review the reasonable accommodation requests." Pls. Mot. at 12.

**B.   Procedural Background**

Plaintiffs filed their Complaint on August 30, 2024. (ECF No. 1.) The Complaint was filed using a form complaint, and attached unsigned and unsworn statements from each of the seven plaintiffs. *Id*. at 10-16, 18-19. The Complaint also attached an unsigned and unsworn statement from non-party Lisa Amarant.[6] *Id*. at 17. The Complaint states the following are at issue in this case: "4th, 5th, and 14th Amendments of the U.S. Constitution and the A.D.A." Compl. at 6. As relief, Plaintiffs request a

---

[4]  Plaintiffs also included forms from non-parties David Paul Thorpe and Daniel G. Running. *Id*. (ECF No. 157 at 156, 160).
[5]  The Vallejo Defendants did not attach copies of the ADA request forms, and this description of the requested relief comes from their opposition brief. *See* Vallejo Defs. Opp. at 2-3.
[6]  The Complaint identified each of the seven plaintiffs and included signatures from every plaintiff. Compl. at 2, 7. Amarant is not identified as a plaintiff in the Complaint. *See* Compl.

temporary restraining order to enjoin Defendants from "towing and impounding vehicles who are operating under the City of Vallejo." *Id*. at 10. Noting that California Highway Patrol and the Vallejo Police Department previously gave them only one or two hours to leave from prior locations, Plaintiff Jim Nelson requests "an extra 72 hours to move at least." *Id*. at 14.

On September 26, 2024, Plaintiffs filed their ex parte Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 3.) In their motion, Plaintiffs seek to "stop the eviction" at 505 Azuar Avenue by Defendants; stop the City of Vallejo from conducting "sweeps" across the city to remove encampments of unhoused individuals; require the City of Vallejo "to adopt noticing and eviction policies that are consistent, accessible and clear," and require the City to follow these policies consistently; and alternatively, to require the City to grant the reasonable accommodation requests made under Title II of the ADA. Pls. Mot. at 17. Plaintiffs attached to their motion declarations from each Plaintiff[7] (ECF No. 3 at 83-87, 90-98) and declarations from non-parties Lisa Amarant, Kevin Jones, Daniel Running, and David Thorpe (*id*. at 79-82, 88-89, 99-100).

On September 27, 2024, the Court issued a Minute Order setting a briefing schedule and scheduling a hearing on October 4, 2024, ordering Plaintiffs to serve a copy of this minute order on Defendants, and ordering Plaintiffs to file proofs of service. (ECF No. 6.) Due to concerns regarding timely notice to Plaintiffs proceeding pro se and the docket's lack of documentation indicating service of the TRO motion on Defendants, the Court provided courtesy notification of its September 27, 2024 Minute Order by email to Plaintiffs using the email addresses Plaintiffs listed in their filings, and by email to Defendant City of Vallejo. *Id.*

On October 1, 2024, the Vallejo Defendants filed an opposition. Vallejo Defs. Opp'n (ECF No. 8). No other Defendants have appeared or filed an opposition to the

---

[7] Plaintiffs' declarations are substantially similar to the statements attached to the Complaint, with additional statements included in some of the declarations. *Compare* Pls. Mot. (ECF No. 3 at 83-87, 90-98), *with* Compl. at 10-16, 18-19.

motion. A hearing on Plaintiffs' motion was held on October 4, 2024.

## II. LEGAL STANDARDS

Plaintiffs move ex parte for a temporary restraining order and a preliminary injunction pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III. DISCUSSION

In their TRO motion, Plaintiffs seek (1) to enjoin Defendants from conducting sweeps to remove unhoused persons and their property from the Building 505 encampment in Vallejo; (2) to stop the City of Vallejo from conducting "sweeps" across the city to remove encampments of unhoused individuals; and (3) to require the City of Vallejo "to adopt noticing and eviction policies that are consistent, accessible and clear," and require the City to follow these policies consistently. If the Court denies injunctive relief, Plaintiffs alternatively request that the Court require the City to grant the reasonable accommodation requests made under Title II of the ADA. Pls. Mot. at 17.

In their opposition, the Vallejo Defendants state they are willing to provide Plaintiffs additional time to October 23, 2024 to remove their vehicles and encampment

at Building 505, which constitutes four (4) additional weeks from the original September 25, 2024 removal date. Vallejo Defs. Opp'n at 2-3, 5-6. The Vallejo Defendants contend that anything beyond this timeframe would "fundamentally alter its program." *Id*. The Vallejo Defendants also argue Plaintiffs are unlikely to show a likelihood of success on the merits of their ADA and Fourteenth Amendment claims, and that the motion should therefore be denied. *See id*. at 4-7. At the hearing, the Vallejo Defendants also argued that some of Plaintiffs' allegations addressed actions taken by CalTrans in an area that is not part of the City of Vallejo.

The Court recognizes the hardship Plaintiffs face, and the crisis confronting unhoused individuals, communities, and governmental entities. On the current record before the Court, however, Plaintiffs do not meet the legal standard for granting a temporary restraining order. The Court therefore recommends denial of Plaintiffs' motion as procedurally deficient; because the Court lacks authority to grant injunctive relief for individuals who are not parties to this lawsuit and on a new claim; and because Plaintiffs are unlikely to succeed on the merits where the Complaint does not sufficiently plead any claims for relief. The Court further recommends dismissal of the Complaint with leave to amend.

### A.     Plaintiffs' Motion is Procedurally Deficient

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not

be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiffs' motion is procedurally deficient because Plaintiffs do not provide reasons why notice of their motion to Defendants CalTrans, Deputy Matsuoka, and Golden Bay Security Services should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5); Pls. Mot. Plaintiffs submitted a TRO checklist and Plaintiff Toepfer's declaration regarding Plaintiffs' efforts to notify Defendants of their motion. *See* ECF No. 3-1. Plaintiff Toepfer declares that he notified the City Attorney of Vallejo and California Governor Gavin Newsom by email that Plaintiffs would be "filing an injunction on 9/25/24." (ECF No. 3-1 at 1, 3.) Even assuming Plaintiffs provided notice to the Vallejo Defendants[8] of their motion, Plaintiffs seek a TRO against all Defendants but did not provide notice of their motion to Defendants CalTrans, Deputy Matsuoka, and Golden Bay Security Services, or provide any reason why notice to these Defendants should not be required. *See* Pls. Mot. There is no reference in Plaintiffs' motion, Plaintiff Toepfer's declaration, or the docket regarding any such efforts. *See id.*; Docket. The Court notes that the docket includes a return of service of the Summons and Complaint for each Defendant.[9] (ECF Nos. 11-17.) Service of the Summons and Complaint does not, however, constitute notice of Plaintiffs' TRO motion to Defendants.

Plaintiffs failed to comply with Rule 65(b)(1)(B) and Local Rule 231(c)(5) because they did not make efforts to provide notice of their motion to Defendants CalTrans,

---

[8] The Court notes that Vallejo Defendants do not contest Plaintiffs' assertion that they notified the City Attorney by email of their motion. *See* Vallejo Defs. Opp'n.
[9] The Court further notes that service of the Summons and Complaint appears to be defective for all Defendants except for Defendant Deputy Matsuoka because Plaintiff Toepfer served all other Defendants, and a party to the litigation may not serve documents themselves. *See* Fed. R. Civ. P. 4(c)(2); ECF Nos. 11-13, 15-17.

Deputy Matsuoka, and Golden Bay Security Services, and Plaintiffs did not provide reasons why notice on these defendants should not be required. *See* Pls. Mot. The Complaint and motion also include allegations related to actions taken by CHP and CalTrans. *See* Compl. at 12-14; Pls. Mot. at 11, 92, 97. Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same). In addition, Plaintiffs' failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion.[10] *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient); *see, e.g.*, *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

The Court will therefore recommend denial of the TRO motion based on these procedural deficiencies. The Court next addresses its authority to grant a TRO given the new parties and the new claim Plaintiffs raise in their motion.

### B.     The Court Lacks Authority to Grant a TRO

The Court is unable to issue an order for or against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *see also Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) (explaining that the scope of an injunction is limited to the parties in the action). Plaintiffs' motion identifies five new plaintiffs who are not named in the original

---

[10]   In addition, Plaintiffs did not submit the proposed orders required by Local Rule 231(c)(6)-(8).

Complaint. *Compare* Compl. at 2, 9, *with* Pls. Mot. at 3 ("Attachment 1: Plaintiffs"), 6 (same). Plaintiffs have improperly attempted to name Kevin Jones, Daniel Runner, Lisa Amarant, David Paul Thorpe, and the Vallejo Homeless Union as new plaintiffs in their motion. *See* Pls. Mot. at 3, 6. In addition, it is unclear whether Plaintiffs' reference to Governor Newsom is also a request to grant injunctive relief against Governor Newsom or the State of California, or to add either as a new defendant. *See id*. at 10, 13 & ECF No. 3-1 at 1. This is unclear in part because Plaintiffs' motion does not identify any specific defendants, and refers to the City, CalTrans, CHP, Peterson, Deputy Matsuoka, the Vallejo Police Department, and Governor Newsom. *See* Pls. Mot. at 4 (referring to "Attached 2" for the list of defendants, but re-attaching list of plaintiffs), 7, 10-15.

Plaintiffs have also included in their motion a new state law claim pursuant to the "Tom Banes Civil Rights Act," California Civil Code § 52.1. *Compare* Compl. at 6, *with* Pls. Mot. at 8 and Pls. TRO Checklist (ECF No. 3-1 at 2). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Here, Plaintiffs are not entitled to injunctive relief pursuant to a new claim raised in their motion that was not pled in the Complaint.

Therefore, the Court also recommends denial of Plaintiffs' motion because the Court lacks authority to issue an order for individuals who are not parties to a suit pending before it and lacks authority to issue an injunction for a new claim that was not pled in the Complaint. *See Zenith Radio Corp.*, 395 U.S. at 112; *Zepeda*, 753 F.2d at 727; *Pac. Radiation Oncology*, 810 F.3d at 633, 636.

C. **Plaintiffs Have Not Clearly Shown a Likelihood of Success on the Merits**

In an abundance of caution, the Court also examines the first and most important *Winter* element: likelihood of success on the merits. Plaintiffs have not demonstrated that they are likely to succeed on the merits of their claims because the Complaint fails to sufficiently plead any claims. Because the first *Winter* factor of likelihood of success is

a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird*, 81 F.4th at 1040; *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are still required to conform to the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

Even when construing the pro se Complaint liberally, it's unclear what claims are being brought in the Complaint. *See* Compl. Though the Complaint states that the "4th, 5th, and 14th Amendments of the U.S. Constitution and the A.D.A." are at issue (*see* Compl. at 6), the Complaint does not identify what claims are being brought based on these Constitutional provisions and the ADA. *See* Compl. Many different types of claims could be brought based on the ADA and the Fourth, Fifth, and Fourteenth Amendments. In addition, the Complaint is brought against Defendants City of Vallejo, the Vallejo Police Department, City Manager Murray, CalTrans, Deputy Matsuoka, Assistant to the City Manager Peterson, and Golden Bay Security Services (*see* Compl. at 3-5), but the Complaint "fail[s] to specify which defendants are responsible for which alleged claims." *Davidson v. Vertus Properties, Inc.*, 2015 WL 7188260, at *3 (E.D. Cal. June 18, 2015), report and recommendation adopted, 2015 WL 7188260 (E.D. Cal. Nov. 16, 2015). As a result, it's unclear what claims are being brought against which defendants. *See Davidson*, 2015 WL 7188260 at *3. In addition, though the Complaint names Vallejo City Manager Murray and Golden Bay Security Services as Defendants (*see* Compl. at 4-5), there are no allegations about either defendant in the Complaint. *See* Compl.

Because it is unclear what claims are being brought against which Defendants, Plaintiffs have failed to establish the likelihood of success on the merits.[11] *See Feathers v. U.S. SEC*, 2022 WL 17330840, at *2-3 (N.D. Cal. Nov. 29, 2022) (dismissing

---

[11] Because the Court finds that the Complaint fails to sufficiently plead claims for relief, the Court declines to address the Vallejo Defendants' arguments in their opposition regarding Plaintiffs' ADA and Fourteenth Amendment claims.

complaint under Rule 8 with leave to amend, and denying TRO based on no available plausible claims); *In re Trotochau v. Bennet*, 2018 WL 6262843, at *3 (C.D. Cal. Feb. 13, 2018) (denying TRO where pro se plaintiff failed to state a claim and failed to provide notice to defendants under Rule 65(b)); *Davidson*, 2015 WL 7188260 at *3; *Hanson v. Hanson*, 2014 WL 587867, at *3 (S.D. Cal. Feb. 14, 2014) (denying TRO because even when construing pro se complaint liberally, allegations were insufficient to show likely success on the merits). The Court need not address the other *Winter* factors based on Plaintiffs' failure to show a likelihood of success on the merits. *See Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles,* 10 F.4th 905, 917 (9th Cir. 2021); *see also Baird*, 81 F.4th at 1040. The Court therefore also recommends DENYING Plaintiffs' motion for failing to establish the likelihood of success on the merits.

### D.  Plaintiffs' Complaint Should Be Dismissed with Leave to Amend

A district court possess inherent authority to dismiss *sua sponte* a pleading that fails to comply with Rule 8. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008); *see also Robert v. First Haw. Bank*, 172 F.3d 58, *1 (9th Cir. 1999). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). Even under the liberal approach to pro se pleadings, the court cannot "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Here, as discussed above, the Complaint fails to specify what claims are being brought against which Defendants, and therefore is insufficient to state a claim under Rule 8 and to meet the standards set by the Supreme Court in *Twombly* and *Iqbal*. *See*

*Feathers*, 2022 WL 17330840 at *2-3; *Davidson*, 2015 WL 7188260 at *3; *Hanson*, 2014 WL 587867 at *3. The Court recommends dismissal of the Complaint with leave to amend. The attachment to Plaintiffs' motion titled "Legal Basis for Claim," suggests that Plaintiffs may be able to amend their Complaint to identify actual claims, rather than just listing Constitutional provisions and a statute at issue. *See* Pls. Mot. at 20-23. The Court notes that Plaintiffs' motion does not, however, identify any specific defendants, and refers to the City, CalTrans, CHP, Peterson, Deputy Matsuoka, the Vallejo Police Department, and Governor Newsom. *See* Pls. Mot. at 4 (referring to "Attached 2" for the list of defendants, but re-attaching list of plaintiffs), 7, 10-15.

If the Complaint is dismissed and Plaintiffs elect to file an amended complaint, it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. Plaintiffs are warned that a formulaic recitation of the elements of a cause of action does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; Fed. R. Civ. P. 8. To state a claim on which relief may be granted, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Any First Amended Complaint should clearly identify all parties, the claims being brought, and against which defendants each claim is being brought. In addition, if the party is unrepresented, Rule 11(a) requires that "[e]very pleading, written motion, and other paper must be signed" by a party personally if the party is unrepresented. Fed. R. Civ. P. 11(a). In addition, the "paper must state the signer's address, e-mail address, and telephone number."

**IV.     PLAINTIFFS' MOTIONS TO PROCEED IN FORMA PAUPERIS**

Plaintiffs have also filed motions to proceed in forma pauperis. (ECF Nos. 2, 18.) However, on September 26, 2024, Plaintiffs paid the full filing fee with the Court.

Accordingly, Plaintiffs' motions to proceed in forma pauperis are DENIED as moot.

## V.   CONCLUSION

In conclusion, the Court denies Plaintiffs' motions to proceed in forma pauperis as moot; and recommends denial of Plaintiffs' motion for a TRO and preliminary injunction as procedurally deficient; for improperly seeking injunctive relief for individuals who are not parties to this lawsuit and for a new claim; and because Plaintiffs are unlikely to succeed on the merits where the Complaint does not sufficiently plead any claims for relief. The Court further recommends dismissal of the Complaint with leave to amend.

### A.   ORDER

It is HEREBY ORDERED that Plaintiffs' motions to proceed in forma pauperis (ECF Nos. 2, 18) are DENIED as moot.

### B.   RECOMMENDATIONS

It is FURTHER HEREBY RECOMMENDED that:

1. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) be DENIED;

2. Plaintiffs' Complaint (ECF No. 1) be dismissed without prejudice;

3. Plaintiffs be given thirty (30) days to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  October 7, 2024

4, toep2366.24

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE