UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOEPFER, et al., | Case No. 2:24-cv-02366-KJM-CSK |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| v. | |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Plaintiffs Robert Toepfer, Shawn O'Malley, Joan Alford, James Nelson, Pam Nelson, Cassandra Salinas, and Michael L. Mardell, proceeding without counsel, filed this action on August 30, 2024.[1] (ECF No. 1.) On October 7, 2024, the undersigned issued Findings and Recommendations to deny Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) and dismissing Plaintiff's Complaint (ECF No. 1) without prejudice. (ECF No. 22.) On December 6, 2024, the District Judge adopted the Findings and Recommendations in full, denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and dismissing Plaintiffs' Complaint with leave to amend, and directing Plaintiffs to file an amended complaint within thirty (30) days of the date of the order. (ECF No. 23.) Plaintiffs failed to

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

file an amended complaint within the appliable deadline. As of April 21, 2025, Plaintiffs have still not filed an amended complaint.

In addition, on October 9, 2024, October 15, 2024, October 16, 2024, October 17, 2024, October 21, 2024, October 22, 2024, November 4, 2024, December 26, 2024, January 6, 2025, and February 21, 2025, mail was returned as undeliverable for certain plaintiffs. *See* Docket. On February 28, 2025, the Court issued an order to show cause ordering Plaintiffs to respond and file an amended complaint and provide current addresses for Plaintiffs Shawn O'Malley, Joan Alford, James Nelson, Pam Nelson, Cassandra Salinas, and Michael L. Mardell within twenty-one (21) days from the date of the order. (ECF No. 24.) The Court's February 28, 2025 order was also returned as undeliverable for Plaintiffs Shawn O'Malley and Joan Alford on March 12, 2025, and for Plaintiff Cassandra Salinas on March 13, 2025. *See* Docket. To date, Plaintiffs have not responded to the Court's orders, have not filed an amended complaint, and have not provided a current address for Plaintiffs Shawn O'Malley, Joan Alford, and Cassandra Salinas.

## I.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the Court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)

(approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed with prejudice under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendant(s);
(4) merits the availability of less drastic alternatives; and
(5) the public policy favoring disposition of cases on their.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.   DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiffs have failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court has extended Plaintiffs' deadline to file their amended complaint without any response from Plaintiffs, leaving the Court with little alternative but to recommend dismissal. In addition, the Court's mail has been returned as undeliverable on multiple occasions, and not all Plaintiffs have informed the Court of their change of address. *See* E.D. Cal. Local Rule 182(f) (imputing a duty on parties to notify the court and parties of any change of address).

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Unfortunately, Plaintiffs' failure to prosecute the case and comply with the rules preclude a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal with prejudice for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689

(approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

### III.     CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' action be DISMISSED with prejudice; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 22, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, toep2366.24